UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

USDC CLERK, CHARLESTON, SC
RECEIVED
2006 DEC -5  A 8: 51

| | |
|---|---|
| Jerome Addison, # 243778, | C/A No. 2:06-3308-HFF-RSC |
| Plaintiff, | |
| vs. | Report and Recommendation |
| County of Charleston Magistrate Office;<br>County of Charleston Clerk of Court;<br>County of Charleston Solicitor Office;<br>County of Charleston Public Defender; and<br>Charleston Police Dept., | |
| Defendants. | |

The plaintiff, Jerome Addison ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants County of Charleston Magistrate Office (sic); County of Charleston Clerk of Court; County of Charleston Solicitor Office[2] (sic); County of Charleston Public Defender; and Charleston Police Dept.

Plaintiff has not successfully challenged his conviction or sentence, yet seeks money damages from defendants. The complaint should be dismissed for failure to state a claim currently cognizable in this Court under *Heck v. Humphrey*, 512 U.S. 477, 481-2

---

[1]    Pursuant to the provisions of   28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]    There is no such entity as "Charleston County Solicitor Office." The Court assumes Plaintiff is referring to the office of the Ninth Judicial Circuit Solicitor, which serves Charleston County.

(1994). Even if *Heck* did not apply, the complaint fails to state a claim against the named defendants.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:  *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal

2

construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976);

*Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978);

*Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent

standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this

less stringent standard, however, the *pro se* complaint is still subject to summary dismissal.

The requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a

federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

### 1. *Heck v. Humphrey*

The complaint seeks damages for violations of constitutional and civil rights caused

by actions of the defendants which allegedly resulted in Plaintiff's conviction, for which he

is currently incarcerated. The § 1983 complaint is subject to dismissal because it fails to

state a claim upon which relief may be granted. The Supreme Court has held that in order

to recover damages for imprisonment in violation of the Constitution, the imprisonment

must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm whose unlawfulness would
> render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that
> the conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> a determination, or called into question by a federal court's issuance of a writ
> of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is
> not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive

3

rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. Establishing the basis for a damages claim in this case, which challenges aspects of his trial and his sentence, would place in doubt the validity of his conviction. Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement, so the complaint must be dismissed.

Until a plaintiff's imprisonment is established as unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in *Heck*. *Id.* Because a § 1983 right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)(following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations"); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994). The complaint has not presented a cognizable claim, and should therefore be dismissed.

### 2. **Municipal Liability**

4

With certain defendants, it is unclear if Plaintiff is attempting to sue a county office or the person holding the office.  If Plaintiff is attempting to state a cause of action under 42 U.S.C. § 1983[3] for violation of a federal right by a municipal office, he fails to state a claim against the defendants because he has identified no municipal policy or custom that caused his alleged injuries.  Municipal liability is based on execution of a governmental policy or custom.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury.  *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997).  Plaintiff fails to identify a policy or custom of the Charleston Police Department or any of the four Charleston County entities which caused his federal rights to be violated, thus he fails to state a claim against the defendants.  The complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

### 3. Color of State Law

Inasmuch as the complaint attempts to sue the Public Defender, he or she is entitled to summary dismissal because he or she has not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law.

---

[3] Title 42 U.S.C. § 1983 states in part,
"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...".

5

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), cert. denied, 454 U.S. 1141 (1982) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

In *Hall v. Quillen, supra*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed"). Because the individual holding the position of Public Defender does not act under color of state law, the complaint fails to state a claim against this defendant.

### 4. **Immunity**

Immunity presents a threshold question which should be resolved before discovery

6

is even allowed. *Siegert v. Gilley*, 500 U.S. 226 (1991). Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). At least three of the defendants are immune, and the suit against them should be dismissed at this stage in the proceedings.

To the extent Plaintiff is attempting to sue the Solicitor or Assistant Solicitor who prosecuted his case, that individual is immune. The complaint against the Solicitor's Office arises out of a trial, which is clearly connected to judicial proceedings, and thus is subject to dismissal due to prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); and *Burns v. Reed*, 500 U.S. 478 (1991). The Supreme Court has held that prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Solicitor of the Ninth Circuit is immune from suit in this case. Inasmuch as naming the defendant County of Charleston Solicitor Office (sic) is an attempt to sue the Ninth Judicial Circuit Solicitor, that defendant should be dismissed.

The Charleston County Clerk of Court and any individuals encompassed by "Charleston County Magistrate's Office," are also immune from suit. The complaint alleges the Clerk and Magistrate's Office were "aware or should have been aware that Charleston

7

Co. Court of General Sessions lack venue in processing procedures (sic)," and that they "knowingly and intentionally fail to disclose adverse authorities, as required (sic)." But "... immunity applies to all acts of auxiliary court personnel that are 'basic and integral part(s) of the judicial function...'" *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C.Cir. 1993) (*quoting Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)) (cited with approval in *Jackson v. Houck*, No. 05-7769, slip op. at 2, 2006 WL 1344807 (4th Cir. May 17, 2006) ). See also *Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983 ...").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts(.)'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied, Sceifers v. Vail*, 506 U.S. 1062 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989), *cert. denied*, 493 U.S. 956 (1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). Therefore, the defendants County of Charleston Magistrate Office and Clerk of Court should be dismissed as parties.

### 5. Habeas Issue

Plaintiff has styled his claim as one cognizable under 42 U.S.C. § 1983. However,

8

as Plaintiff clearly is challenging his state court conviction, since he is seeking release from imprisonment, he must file pursuant to the federal habeas corpus statute, 28 U.S.C. § 2254. Both § 1983 and § 2254 provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

However, even if Plaintiff were to file a habeas petition with this Court, it would be successive.[4] Plaintiff has filed four habeas petitions with this Court seeking to challenge the 1997 conviction that is at issue in this case. Therefore, Plaintiff would have to obtain permission from the Fourth Circuit Court of Appeals before filing a 28 U.S.C. § 2254 habeas petition.[5]

### 6. **Strike under 28 U.S.C. § 1915(g)**[6]

---

[4]     28 U.S.C. § 2244(b)(1): A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

[5]     In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.

[6]     28 U.S.C. § 1915(g): In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

9

Plaintiff has filed almost a dozen previous cases in this Court during his most recent imprisonment. He has previously attempted to sue some of the same parties he names in this complaint (*see* C/A No. 2:00-cv-01178-JFA and C/A No. 2:02-cv-00124-CWH), though they are not amenable to suit. He has also formerly filed a case precluded by *Heck* (*see* C/A No. 2:05-cv-01373-HFF). Yet, he has filed this case with the same deficiencies. Because this case is frivolous, and he has named no defendants who are amenable to suit, I recommend that this case be deemed a "strike" under 28 U.S.C. § 1915(g). This will be Plaintiff's second such strike.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra* at 74; 28 U.S.C. § 1915(e)(2)(B)(ii); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Additionally, for the foregoing reasons, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Respectfully submitted,

November ___, 2006
Charleston, SC

Robert S. Carr
U.S. Magistrate Judge

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).